## GLAZE v WARNER ELEVATOR MFG CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13995. Decided Dec 3, 1934

Stearns, Chamberlain & Royen, Cleveland, for plaintiff in error.

Thompson, Hine & Flory, Cleveland, for defendant in error.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ, (5th Dist) sitting.

## OPINION

By THE COURT

We have examined the three claims of error assigned and conclude that such are not error. We feel constrained, however, to say a few words respecting the principal error assigned that being the court's act in directing a verdict for the defendant company.

The plaintiff made attempt by the claim that the defendant was guilty of wilful and wanton negligence to relieve himself of any taint of contributory negligence which might and if proved bar him from recovery. There is no proof appearing in this record of any wilful or wanton act and the pleading and claim in this respect was but a gesture and is of no avail.

We are convinced that the plaintiff's evidence clearly discloses that he was guilty of negligence upon his part. He knew that this sidewalk elevator or hoist was not equipped with a slack cable device. This is his principal claim of negligence. He was present at its inspection. He was the custodian of the Club building, and was experienced with elevators; yet knowing a lack of this appliance upon which he predicates negligence, he made selection and use of this conveyance when others in close proximity were available to him.

Further the plaintiff predicates negligence upon the violation of §1472 of the Ordinances of the City of Cleveland, which he introduced in evidence. In order to substantiate this claim he also introduced §1461 of said ordinances. These sections even if they are properly invoked in this action, confound the plaintiff, for it appears therefrom that he himself is amenable to their provisions, and his act of using the appliance was equally as reprehensible as the defendant's act in installing the same.

The judgment must be affirmed.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ, concur.